The Honorable Jim Hill State Senator 100 Center Nashville, Arkansas 71852
Dear Senator Hill:
I am writing in response to your request for an opinion on the following matter:
Does state law authorize a law enforcement officer of a municipality, county, or the State of Arkansas to cause a vehicle to be towed solely because the operator cannot show proof of insurance if the operator was stopped pursuant to a traffic violation, stopped for some other legitimate reason, or involved in an accident but with the vehicle still drivable?
RESPONSE
No. In my opinion, the Arkansas Supreme Court has definitively answered this question in State v. Kelley, ___ Ark. ___, ___ S.W.3d ___ (June 16, 2005) holding that A.C.A. § 27-22-104 does not authorize law enforcement officers to impound a vehicle solely for lack of insurance.
Kelley was an interlocutory appeal of a motion to suppress evidence seized in an inventory search of Mr. Kelley's vehicle. Kelley, supra at 1. The vehicle had been impounded when Mr. Kelley was unable to produce proof of current insurance. Id. at 2. The court held that A.C.A. §27-22-104 does not authorize a police officer to impound a car solely for lack of insurance.[1] Id. at 5. Furthermore, the court also held that neither Ark. R. Crim. Pro. 12.6 nor Thompson v. State, 333 Ark. 92,966 S.W.2d 901 (1998), stood as independent authority to impound the vehicle The court held that Rule 12.6 did not authorize impoundment, but "merely the search after a car has been properly impounded or retained." The court held its decision in Thompson inapplicable because it was predicated on a person's "inability" to drive a car due to lack of a valid driver's license rather than lack of insurance. Id. at 5-6.
In my opinion, Kelley v. State, supra, specifically forbids a law enforcement officer from impounding a motor vehicle solely because there is no proof of current insurance. See also Op. Att'y Gen. 2001-161
(opining that a municipal judge lacks the authority to order the impoundment of a vehicle based solely on the failure to provide proof of insurance).
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh
[1] Act 2246 of 2005 adds A.C.A. § 27-22-104(c)(1)(B) that specifies a failure to present proof of insurance at the time of a traffic stop will be punishable by a fine of $25.00 when the owner of the vehicle presents proof of insurance at the time of the stop. If the owner is unable to present proof of insurance valid at the time of the traffic stop, the fine enumerated in A.C.A. § 27-22-103 is levied. Id. Act 2246 does not contain an emergency clause and will, therefore, be effective on August 12, 2005. See Op. Att'y Gen. 2005-110.